# AFFIDAVIT OF SERVICE

**State of Rhode Island** **County of US District Court** **Us District Court**

Case Number: CA0635S

Plaintiff:
**Ken Marot**

vs.

Defendant:
**Sam and Judy Haigh**

For:
Ericka Hughes
Gelfuso & Lachut
1193 Reservoir Avenue
Cranston, RI 02920

Received by STERLING CITATION & SUBPOENAS on the 28th day of February, 2006 at 3:52 pm to be served on **SAM HAIGH at 23 Galway Place, Spring, Tx 77382**.

I, Carlos Parra, being duly sworn, depose and say that on the **28th day of February, 2006** at **8:25 pm, I:**

**Substitute Served** by leaving a true copy of this **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me with, Judy Haigh as Mr.Sam Haigh wife and informing said person of the contents thereof.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 1st day of March, 2006 by the affiant who is personally known to me.

Brandon J Vanek
NOTARY PUBLIC

BRANDON JOSEPH VANEK
Notary Public, State of Texas
My Commission Expires
November 28, 2009

Carlos V Parra

**Carlos Parra**
#SCH000000960

**STERLING CITATION & SUBPOENAS**
**18 Woodlake Square**
**# 390**
**Houston, TX 77063**
**(713) 977-1947**
Our Job Serial Number: 2006000120

Copyright © 1992-2005 Database Services, Inc. - Process Server's Toolbox V5.5j

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of Rhode Island

KEN MAROT, PLAINTIFF

V.

SAM AND JUDY HAIGH,
DEFENDANTS

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

TO: (Name and address of Defendant)

JUDY HAIGH
48 Calf Pasture Beach Road
Norwalk, Connecticut 06855

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Ericka L. Hughes
Gelfuso & Lachut, Inc.
1193 Reservoir Avenue
Cranston, RI 02920

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me(1) | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the third-party defendant. Place where served: ______

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: ______

Affidavit Attached

☐ Returned unexecuted: ______

☐ Other (specify): ______

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 2/28/06 Carlos V. Parra
Date Signature of Server

Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KEN MAROT,
Plaintiff,

v.

SAM HAIGH and JUDY HAIGH,
Defendants.

CA 06-35 S
C.A. NO.:

## COMPLAINT AND JURY DEMAND

### PARTIES:

1. Plaintiff, Ken Marot, is a resident of 84 Pine Crest Drive, City of East Providence, County of Providence, State of Rhode Island;

2. Defendant Sam Haigh is an individual residing on board "The General," a restored Army T boat docked at or near 48 Calf Pasture Beach Road, in the City of Norwalk, County of Fairfield, State of Connecticut.

3. Defendant Judy Haigh is and individual residing on board "The General," a restored Army T boat docked at or near 48 Calf Pasture Beach Road, in the City of Norwalk, County of Fairfield, State of Connecticut.

4. Upon information and belief, Defendants, Sam and Judy Haigh, were co-owners of "The General" on the date of the allegations in the instant complaint.

### JURISDICTION

5. The Court has subject matter jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. 1333(1) and 28 U.S.C. 1332(a)(1). The District Court has admiralty jurisdiction of this claim.

6. The damage or injury to Plaintiff's person was caused while both Plaintiff and Defendants were on board vessels on navigable water off the coast of Wickford, Rhode Island.

7. The Court has personal jurisdiction over the parties in that each party has contacts with the State of Rhode Island and the County of Washington sufficient to confer personal jurisdiction upon this Honorable Court.

GENERAL FACTS AND ALLEGATIONS:

8. Upon information and belief, at all times relevant to this matter, Defendants owned and operated "The General."

9. Plaintiff owns a sailboat named "Aolani," which at all times relevant to this matter was moored in Wickford Cove, Rhode Island on July 4, 2003;

10. On the evening of July 4, 2003, Defendants' boat was in close proximity to Plaintiff's boat and Defendants were entertaining guests on board;

11. At the same time, Plaintiff was aboard the "Aolani;"

12. During Defendants' celebration, Defendants discharged from the deck of "The General" a full-size cannon in close proximity to the "Aolani;"

13. Plaintiff immediately experienced severe pain and ringing in his ears. Plaintiff also became dizzy and felt faint.

14. As a direct result of Defendant's firing of the cannon in close proximity to Plaintiff, Plaintiff suffered pain in his ears, intermittent dizziness, feelings of faintness, which has result in permanent hearing loss.

COUNT I - NEGLIGENCE

15. The allegations set forth above in Paragraphs 1 through 14 are incorporated herein as if set forth again in full;

16. Defendants had a duty to Plaintiff to exercise due care;

17. Defendants breached their duty by failing to act in a reasonably safe manner and by failing to take adequate measures to prevent harm to Plaintiff and others;

18. As a direct and proximate result of Defendants' breach, Plaintiff sustained serious injury, a permanent loss of hearing, and has been otherwise harmed;

19. As a direct result of Defendants' negligence, Plaintiff has incurred medical expenses and has suffered great pain of body and mind, permanent impairment, and has been prevented from engaging in his regular activities.

COUNT II- STRICT LIABILITY

20. The allegations set forth above in Paragraphs 1 through 19 are incorporated herein as if set forth again in full;

21. Defendants' were engaged in an ultra-hazardous and unreasonably dangerous activity;

22. As a direct result of Defendants' negligence, Plaintiff has incurred medical expenses and has suffered great pain of body and mind, permanent impairment, and has been prevented from engaging in his regular activities.

***WHEREFORE***, Plaintiff demands judgment against Defendant in an amount sufficient to reimburse him for his injuries, permanent impairment, past and future medical expenses, costs, attorney's fees and such other compensatory or punitive damages as this Court deems just.

JURY DEMAND

Plaintiff demands a trial by jury. Joseph R. Daigle is designated as trial counsel.

Plaintiff,
Ken Marot,
By His Attorney,

Ericka L. Hughes, #6610
Joseph R. Daigle, #5429
GELFUSO & LACHUT, INC.
1193 Reservoir Avenue
Cranston, RI 02920
Tel.: (401) 942-4300
Fax.: (401) 946-0970

Dated: January 25, 2006