UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KEN MAROT | : | |
| | : | |
| vs. | : | C.A.: 06-35S |
| | : | |
| SAM HAIGH and JUDY HAIGH | : | |

**DEFENDANTS' RESPONSE TO**
**PLAINTIFF'S REQUEST FOR PRODUCTION**

1. The cannon.

   **Response No. 1:** We object to producing the cannon as it is firmly affixed to "The General" boat, but plaintiff may inspect the cannon at a time and place to be agreed upon by both plaintiff and defendant.

2. A sample round of the type of charge fired by you from the cannon on July 4, 2003.

   **Response No. 2:** We object to this request as we have no objection to plaintiff viewing the type round or charge fired on July 4, 2003, at a time and place to be agreed upon by both plaintiff and defendant.

3. Any headphones, earplugs or other sound remediation devices used by you in your operation of the cannon.

   **Response No. 3:** None used.

4. Copies of all photographs in your possession of the cannon being fired.

   **Response No. 4:** Enclosed are seven photos of the cannon being fired. If more are located they will sent.

5. Copies of all licenses or certifications relating to your operation of the cannon.

**<u>Response No. 5:</u>** None, as none required.

6. Copies of all citations, warnings, criminal information or criminal complaints you have received in relation to your operation, possession or use of the cannon.

**<u>Response No. 6:</u>** None.

7. Any and all correspondence or other documentation with regarding to complaints you have received with regarding to your use of the Cannon.

**<u>Response No. 7:</u>** None.

8. Any documents memorializing any claims that have been made with regard to your use and operation of the cannon.

**<u>Response No. 8:</u>** None.

9. The results of any hearing test that have been performed on you within the past five years.

**<u>Response No. 9:</u>** I object as totally irrelevant and cannot lead to the discovery of admissible evidence.

10. Any and all directions, owner's manual, instructions, guarantees, warrantees, manufacturer's specifications, diagrams or other written material in your possession that relate to the cannon.

**<u>Response No. 10:</u>** None.

11. Any and all directions, owner's manual, instructions, guarantees, warrantees, manufacture's specifications or other written materials in your possession that relate to the subject charges.

**<u>Response No. 11:</u>** None, except information on the GOEX can which is black rifle powder.

12. Any and all witness statements relating to the subject accident.

**<u>Response No. 12:</u>** None.

13. Any and all documents in your possession that you intend to submit into evidence at the trial of this matter.

<u>Response No. 13:</u> We object to furnishing documents as requested, but will in due course and in accordance with court rules prepare a list of exhibits we intend to introduce at trial.

14. Any photographs in your possession of the vessel Aolani.

<u>Response No. 14:</u> None.

15 Any spent casing from the charges fired from the General on the night of July 4, 2003.

<u>Response No. 15:</u> None.

16. Any photographs, diagrams, blue print or plans showing the deck of the General.

<u>Response No. 16:</u> Attached are four photographs of The General.

17. Any receipts, invoices or credit card statements identifying the vendor from whom you purchased the charges used on July 4, 2003.

<u>Response No. 17:</u> None, but supplier was R. Berkley (Berk) George, Ye Olde Cannon Maker, 20 Amber Trail, Madison, CT 06443.

Defendants, Sam Haigh and
Judy Haigh, By Their Attorney,

John A. Baglini, - # 1578
HIGGINS & SLATTERY
Turks Head Building
76 Westminster Street
Suite 1150
Providence, RI 02903
(401) 751-3600
(401) 751-4648

## CERTIFICATION

I hereby certify that I mailed a true copy of the foregoing document to Joseph R. Daigle, Esq. Gelfuso & Lachut, Inc., 1193 Reservoir Avenue, Cranston, RI 02920, on this 6th day of November, 2006.