UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KEN MAROT,
Plaintiff,

v. C.A. NO.: 06-35S

SAM HAIGH and JUDY HAIGH,
Defendants.

PLAINTIFF'S UNOPPOSED MOTION TO EXTEND TIME

Plaintiff, Ken Marot, hereby moves this Honorable Court to issue an Order extending all relevant deadlines in this matter in order that Plaintiff's expert witness may perform testing essential to providing an opinion relevant to causation. Specifically, Plaintiff seeks additional time to raise funds for testing of Defendants' cannon and for an analysis of the sound created by it when fired. Further, it appears that it is not presently possible for the testing to be performed because the cannon and the boat upon which it is mounted are in winter storage. The cost of removing them from storage before spring (even if they could be moved safely), would be an additional financial burden on Plaintiff. Therefore, Plaintiff asks that he be allowed to perform the testing after Defendants' boat has been removed from winter storage.

N:/Clients/Marot/pleadings/2.cont.2
JRD/020207/5

Plaintiff's counsel has conferred with Defendants' counsel regarding this motion and been informed that Defendants have no objection to the requested extension.

FACTS

On July 4, 2003, Plaintiff was on his sailboat, The Aolani, moored in Wickford Harbor proper. At the same time, Defendants, Sam and Judy Haigh, were operating their boat, The General, in the vicinity of Mr. Marot's vessel. Defendants fired a cannon from the deck of The General. Plaintiff claims that, as a result of the cannon's firing, he suffered permanent hearing loss.

As part of Plaintiff's case, he seeks to establish that the firing of Defendants' cannon caused sufficient noise to permanently damage his hearing. In order to establish that the cannon was capable of creating decibels of sufficient magnitude to cause the injury, Plaintiff must rely on the testimony of an expert witness who will measure the noise created from actual detonations of the subject cannon. Unfortunately, the cannon weighs several hundred pounds and is currently bolted to The General's deck. (See the December 1, 2006 letter from Defendants' attorney attached hereto as Exhibit "1.") Further, the General is currently in winter storage and cannot be moved safely from its slip. (See the December 27, 2006 letter from

Defendants' attorney enclosing the December 11, 2006 letter from Stephen Babbitz, VP and General Manager of Norwalk Cover Marina, attached hereto as Exhibit "2.") The only alternative, then, is to wait for the boat to be removed from storage in the spring.

Finally, Plaintiff is temporarily without sufficient money to retain his selected expert witness to perform the testing. (See the Affidavit of Ken Marot, attached hereto as Exhibit "3.") Mr. Marot is currently unemployed and has placed virtually all of his savings into a new business venture that will not begin to produce income for him for several more weeks. The cost of the testing will no doubt be magnified if Plaintiff must bear the expense of removing the cannon from winter storage prematurely. (However, once his business enterprise begins generating income in March, Mr. Marot expects he will be able to raise sufficient money to pay for the testing the cannon in the spring.)

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 16(b), this Court may, in its discretion, order an enlargement of time to modify the scheduling order previously entered in this matter.

The General is in winter storage in Norwalk, Connecticut until May 2007. Plaintiff believes it is very important that the testing be performed if possible from the deck of the

General while the boat is on the water. Should Plaintiff's expert opine that the noise caused by the cannon when fired was within the range needed to cause hearing loss, Defendant will no doubt seek to impeach the witness over the methods employed to measure the sound. Specifically, Defendants' counsel may impeach Plaintiff's expert on the grounds that the testing was not performed under the same or similar circumstances.[1] In order to replicate accurately the prevailing circumstances on the night in question (and thereby insulate his expert witness from impeachment on those grounds), Plaintiff will seek to test the cannon from the deck of The General while it is on the open water.

Further, Plaintiff will seek to have Defendant Sam Haigh fire the cannon at least once during the testing. (Mr. Haigh does not dispute that he operated the cannon on the night in question, though he disputes many of the other allegations raised by Plaintiff's Complaint.) Mr. Haigh currently resides in Texas and the scheduling of any testing must accommodate his schedule. (Even if all testing is completed before the end of

[1] Variables that may affect the accuracy of the testing include: the extent to which the surrounding water may deflect or muffle sound, the distance of the cannon above the water, the elevation and position of the muzzle while bolted to the deck of the boat, whether the physical layout of the General focused or refracted some of the noise, and prevailing weather conditions.

May 2007, however, additional time is needed for analysis of the data, drafting of expert opinions, and expert discovery.)

Defendants will not be prejudiced by the Court's granting of this motion and have no opposition to it. Further, the Court has not scheduled a trial date in this matter so the extension of time requested should cause limited disruption of the Court's calendar.

***WHEREFORE***, Plaintiff hereby prays that this Court enter an Order extending the time for expert discovery in this matter to June 30, 2007 and extend all other relevant deadlines accordingly.

REQUST FOR HEARING DATE

Plaintiff requests that this matter be set down for hearing.

Plaintiff,

Ken Marot,

By His Attorney,

__/s/ Joseph R. Daigle ___
Joseph R. Daigle, #5429
GELFUSO & LACHUT, INC.
1193 Reservoir Avenue
Cranston, RI 02920
Tel.: (401) 942-4300
Fax.: (401) 946-0970

N:/Clients/Marot/pleadings/2.cont.2
JRD/020207/5

CERTIFICATE OF SERVICE

I certify that this document has been filed electronically and is available for viewing and downloading from the ECF system. Pursuant to Administrative Order No. 2006-01, this constitutes service pursuant to Fed.R.Civ.P. 5(b)(2)(D) upon all parties of record.

/s/ Joseph R. Daigle

N:/Clients/Marot/pleadings/2.cont.2
JRD/020207/5