HIGGINS & SLATTERY
ATTORNEYS AT LAW

JOHN A. BAGLINI*
ROBERT J. DUMOUCHEL
JOHN A. MCQUEENEY
JOSEPH W. BAGLINI*

*MASSACHUSETTS

JAMES A. HIGGINS
(1927-1985)
EUGENE V. HIGGINS
(1947-1999)

TURKS HEAD BUILDING
76 WESTMINSTER STREET, SUITE 1150
PROVIDENCE, RHODE ISLAND 02903-2215

TEL. 401-751-3600
FAX 401-751-4648
EMAIL: firm@higginsandslattery.com

June 26, 2007

*By Facsimile and Regular Mail*

Joseph R. Daigle, Esq.
Galfuso & Lachut, Inc.
1193 Reservoir Avenue
Cranston, RI 02920

Re: Ken Marot vs. Sam Haigh and Judy Haigh

Dear Joe:

As you know, my client, Mr. Haigh, has voluntarily agreed to allow your client's expert to inspect and test the cannon at Norwalk Harbor on July 19, 2007, commencing at 9:00 a.m. My client has also agreed to fire the cannon so your expert can test the decibel level. I have already indicated to you that it is essential your client rent a boat for his testing equipment and I furnished you that specific information.

The conditions for the testing are as follows:

1. You advise me as to the date Mr. Marot has made to be examined by Dr. Martin Papazian; and
2. You provide for me a protocol (which I had long ago mentioned), and my specific recommendations for the protocol follow on Page 2.

Plaintiff and your expert, of course, have a responsibility for conducting the tests in a professional and safe manner, and in such a way as to not place any undue burden, financial or otherwise upon my client as he is already undergoing a financial burden by taking the boat and providing it for this purpose. The testing of this cannon is a substantial undertaking, not only from a scientific prospect, but also from a safety standpoint, and as indicated, it

involves a considerable expense for Mr. Haigh. Therefore, we would require a detailed protocol from your client to avoid any misunderstandings, mishaps, or excessive expenditure.

My recommendations for the protocol for testing the noise level of the cannon are to provide us with the following:

a. The names, addresses and expertise of all the personnel that plaintiff plans to have in attendance before, during, after the test;
b. The positions and locations of all the plaintiff's personnel before, during, and after the test which should be shown on a scale drawing in plan view;
c. The manufacturer's name and model number of each item of test equipment;
d. The position and location of the test equipment before, during, and after the tests should be shown on a scale drawing in plan view;

The methodology for the tests, including a list of the data that is to be recorded and a methodology for that collection, a detailed set up of the cannon, the charge to be used, and the firing procedure (Mr. Haigh understands he will be using the same charge as he used on July 4, 2003.);

A hold harmless and indemnification agreement signed by all participants prior to the commencement of activity;

g. The methodology that will be used to warn passersby, boaters, and others about the firing of the cannon and the other safety precautions that will be taken by the plaintiff;
h. A copy of the curriculum vitae of the experts plaintiff will be using on that occasion.

I ask that you provide all of this information to me at least one week before the anticipated testing of July 19, 2007.

Very truly yours,

John A. Baglini
john.baglini@higginsandslattery.com

JAB:rmcb