UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KEN MAROT | : | |
| | : | |
| vs. | : | C.A.: 06-35S |
| | : | |
| SAM HAIGH and JUDY HAIGH | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

The record will reflect that Plaintiff had engaged Attorney Joseph Daigle to represent him and he did so up until Attorney Daigle filed a motion to withdraw which was heard by this court on July 12, 2007, and granted. Attorney Daigle was instructed by the court to notify Mr. Marot of the court order permitting him to withdraw, and to state specifically that the discovery deadlines would remain in full force and effect.

The discovery deadlines set forth by this court which had been ordered by this court required plaintiff's expert report and disclosures to be submitted by July 30, 2007, and defendant's expert discovery disclosures by August 30, 2007, and all discovery was to be completed by August 30, 2007, and a trial calendar call would be in September 2007.

Defendants' previously filed a motion to confirm discovery which was heard before the court on July 12, 2007, and their memo pointed out that through arduous negotiations and time consuming efforts to schedule

plaintiff's experts' inspection of The General in Norwalk Harbor in Connecticut, plaintiff's counsel and defendants' counsel agreed upon plaintiff's expert to examine the cannon on July 19, 2007, at Norwalk Harbor. Defendants' experts would attend for the purpose of having defendant fire the cannon so plaintiff's expert could test the decibel level in an effort to determine whether such noise that was emitted from the cannon would have been a proximate cause of plaintiff's alleged partial hearing loss, as plaintiff fully understood an expert opinion on whatever noise was emitted from the cannon would be necessary to measure as a basis for his physician to testify regarding a causal link between the cannon noise and his alleged partial hearing loss.

Mr. Marot was unquestionably notified by his attorney following the ruling of the court on the motion to withdraw on July 12, 2007, and he knew about the July 19th date long before the 12th, as Mr. Daigle advised defendants' counsel that the date had been agreed upon by Mr. Marot and his expert. The expert never appeared on the 19th, and defendants, along with their experts and counsel were fully waiting and able to appear, but did not receive any word from Mr. Marot before or on the 19th that he would not appear. On July 13, 2007, at the offer of Mr. Daigle, defendants' counsel called Mr. Marot to reiterate that the scheduling of the testing by his expert was still on for July 19, 2007, at Norwalk Harbor and we expected them, he and his expert, to appear unless he told us otherwise as we were preparing for that meeting. I called him

at the number furnished by Mr. Daigle namely, 524-0580 and defendants' counsel received no reply.

Plaintiff did not furnish his expert disclosures by July 30, 2007, as ordered by the court nor have defendants received any expert disclosure from plaintiff to this date.

Furthermore, plaintiff was sent a notice from this court to appear for a calendar call on August 21, 2007, and he failed to appear.

It is clear that the plaintiff has ignored two court orders.

Rules 37 (b)(2)(C) sets forth in part:

> "Failure to comply with order…
>
> (2) Sanctions by Court in which Action is Pending. If a party… fails to obey an order entered under rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> > (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;"

The First Circuit Court of Appeals in the case of Barreto v. Citibank, N.A., C.A. 1st, 1990, 907 F. 2d 15 stated in part that discovery orders or other pretrial orders and all orders governing management of a case are enforceable

under pain of sanction for unjustifiable violation, and that trial judges have considerable discretion in selection and imposition of sanctions.

Circuit Judge Selya wrote a decision in the case of Tower Ventures, Inc., v. City of Westfield, 296 F.3d 43 (1st Cir. 2002). The Circuit Court held that the District Court did not abuse its discretion in dismissing plaintiff's civil action on the basis of the its failure to comply with the scheduling order.

In that case the court imposed a scheduling order which required Tower Ventures, Inc., to submit expert disclosure by a certain date and it failed to do so, and it gave no reason for its noncompliance beyond a general comment that its attorney had been preoccupied with the handling of other matters. In opposing the dismissal Tower Ventures argued that defendant was not prejudiced by the lack of complying with the court order. The Court stated on Page 45:

> "In an era of burgeoning case loads and thronged dockets, effective case management has become an essential tool for handling civil litigation. The Civil rules recognize this reality; they afford district courts substantial authority to enforce case-management orders (citations). We have made it plain that " A litigant who ignores case-management deadlines does so at his peril" Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998)"

The court went on to point out that in the final analysis the choice of an appropriate sanction is handled by the court on a case-by-case basis, but a court may under appropriate circumstances dismiss a case with prejudice for violation

of a judicial order without considering lesser sanctions. Top Entertainment, Inc. v. Ortega, 285 F.3d 115, 119, (1st Cir. 2002) and other citations on Page 46.

The court cited with approval from the case of Enlace Mercantil Internacional, Inc. v. Senior Indus., Inc., 848 F.2d 315, 317 (1st Cir. 1988):

> "That disobedience of court orders, in and of itself, constitutes extreme misconduct (and thus warrants dismissal)" Nieves v. Deshler, 826 F2d 1, 2 (1st Cir. 1987)

Judge Selya set forth a detailed analysis of the court's authority to impose sanctions on one who disobeys scheduling orders, emphasizing that a court does have the authority to manage its crowded calendar so that it is efficient and effective and that is the reason the trial court takes an active role in case-management as opposed to allowing attorneys to control the court's docket. The court also pointed out that every breach does not warrant dismissal and that the court does review a trial's court choice of sanction for abuse of discretion, but the standard review carries with it the requirement that the adverse litigant has a heavy burden to show that abuse occurred.

In this case Tower Ventures maintained that there was no willful infraction and no prejudice to defendant. The court answered the argument at P. 46 by pointing out:

> "The difficulty with this argument is that it ignores the court's independent interest in administering its docket. That interest is strong, and the court's efforts at stewardship are undermined, as here, a

> party cavalierly flouts the court's scheduling orders. Unexcused misconduct of that stripe places the choice of sanction (up to and including dismissal) within the sound discretion of the district court." See Top Entertainment 285 F.3d 118; Barreto v. Citibank, NA., 907 F.2d 15, 16 (1st Cir. 1990)

It took months to attempt to arrange scheduling whereby defendant could take his 65' boat out of storage after the winter and arrange to bring it out into the harbor for the purpose of having the cannon fired and tested and this defendant had to go through Herculean efforts to arrange a setting for the testing which plaintiff failed to attend that day nor did plaintiff call defendant to cancel, so that defendant, his experts, and counsel were prepared for the 19th which came and went without testing. The 1st Circuit upheld the same general principles cited above in a more recent case of Young v. Gordon, 330 F.3d 76 (1st Cir. 2003), also authored by Judge Selya.

Defendants assert that they indeed were prejudiced by plaintiff's arbitrary failure to comply with the discovery deadlines when he failed to submit expert disclosures by July 30, 2007. It is respectfully submitted that any lesser sanction than dismissal would not be appropriate as defendant submits that plaintiff requires an expert opinion to attempt to prove a causal link between the cannon fire and his alleged partial loss of hearing.

Defendants' counsel called Mr. Marot on August 21, 2007, and left a message on his voicemail of the court hearing at the Calendar Call, and of the

fact that a motion to dismiss will be filed, the grounds for the motion, and that he would receive a copy and would have an opportunity to object to the same, and to call my office if he so chose.

Defendants therefore pray that this court grant their motion to dismiss.

Defendants, Sam Haigh and
Judy Haigh, By Their Attorney,

/s/John A. Baglini
John A. Baglini, - #1578
HIGGINS & SLATTERY
Turks Head Building
76 Westminster Street
Suite 1150
Providence, RI 02903
(401) 751-3600
(401) 751-4648

**CERTIFICATION**

I hereby certify that I mailed a true copy of the foregoing document to Ken Marot, 860 – H Curtis Corner Road, Wakefield, RI 02879, by certified mail, return receipt requested, on this 22nd day of August, 2007.

/s/John A. Baglini